UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTONIO SANDEKLI-YATIM,<br><br>*Petitioner*,<br><br>v.<br><br>FACILITY ADMINISTRATOR, PRAIRIELAND DETENTION CENTER et al.,<br><br>*Respondents*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:26-CV-00115-X-BT |

**MEMORANDUM OPINION AND ORDER**

Petitioner Antonio Sandekli-Yatim filed an amended petition for a writ of habeas corpus under 28 U.S.C. section 2241 challenging his detention pending removal proceedings.[1] For the following reasons, the Court **DENIES** Petitioner's amended habeas petition.[2]

## I. Background

Petitioner, a native and citizen of Venezuela, entered the United States without admission or parole.[3] In 2021, the United States charged him with being inadmissible under 8 U.S.C. section 1182(a)(6)(A)(i); however, he was released from custody pursuant to the Department of Homeland Security's (DHS) discretionary

[1] Doc. 11.

[2] The parties have not informed the Court that Petitioner became subject to a final order of removal after this lawsuit was filed, nor that Petitioner has been removed or otherwise released. If any of those circumstances occurred, the Court denies the petition as moot. *See Ortez v. Chandler*, 845 F.2d 573, 575 (5th Cir. 1988) (holding that a habeas petition becomes moot when the habeas relief requested can no longer be effected).

[3] Doc. 11 ¶ 17.

parole authority.[4] On November 7, 2025, Immigration and Customs Enforcement (ICE) re-detained Petitioner under 8 U.S.C. section 1225(b)(2)(A) as part of his removal proceedings.[5]

On January 15, 2026, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. section 2241, and then an amended petition on February 6, 2026.[6] He argues that his confinement under section 1225(b)(2)(A) without a bond hearing violates the Immigration and Nationality Act (INA) and the Fifth Amendment's Due Process Clause.[7] Respondents—the Warden of the Prairieland Detention Center and other federal officials—argue that Petitioner is properly detained without a bond hearing under section 1225(b)(2)(A) and that this detention does not violate the Due Process Clause.[8]

## II. Legal Standard

To be entitled to a writ of habeas corpus under 28 U.S.C. section 2241, a petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."[9] The great writ is reserved for fundamental defects resulting in a complete miscarriage of justice or wholly inconsistent with the demands of fair procedure.[10] This exceptional relief "is the precious safeguard of personal

---

[4] Doc. 14 at 2; 8 U.S.C. § 1182(d)(5).

[5] Doc. 11 ¶¶ 1, 18.

[6] Docs. 1; 11. The amended habeas petition is the operative pleading. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

[7] Doc. 11 ¶¶ 22–25.

[8] Doc. 14.

[9] 28 U.S.C. § 2241(c)(3).

[10] *See Hill v. United States*, 368 U.S. 424, 428 (1962).

liberty and there is no higher duty than to maintain it unimpaired."[11] The petitioner has the burden to demonstrate that a constitutional violation has occurred.[12]

## III. Analysis

Petitioner claims his detention violates 8 U.S.C. section 1225(b)(2)(A) and the Fifth Amendment's Due Process Clause.[13] But binding Fifth Circuit precedent forecloses both claims.

Petitioner fails to show that his detention under section 1225(b)(2)(A) is unlawful. He is an applicant for admission under section 1225(a)(1) because he is "[a]n alien present in the United States who has not been admitted or who arrives in the United States."[14] Accordingly, the INA requires the government to detain him without bond pending the conclusion of his removal proceedings.[15] Petitioner's INA claim therefore fails.

Petitioner's Due Process Clause claim fails as well. The Fifth Circuit recently issued its en banc opinion in *Rodriguez v. Vergara*, holding that detention without a bond hearing under section 1225(b)(2)(A) does not violate procedural or substantive due process, "[s]o long as an alien's detention pending removal has a definite

---

[11] *Bowen v. Johnston*, 306 U.S. 19, 26 (1939).

[12] *Lockett v. Anderson*, 230 F.3d 695, 707 (5th Cir. 2000).

[13] Doc. 11 ¶¶ 22–25.

[14] 8 U.S.C. § 1225(a)(1).

[15] *Id.* § 1225(b)(2)(A); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026) (holding section 1225(b)(2)(A) "unambiguously provides for mandatory detention").

termination point—removal or release."[16] Accordingly, Petitioner's Due Process Clause claim also fails.

## IV. Conclusion

For these reasons, the Court **DENIES** Petitioner Antonio Sandekli-Yatim's habeas corpus petition under 28 U.S.C. § 2241. The Court **DISMISSES WITHOUT PREJUDICE** this case and **DIRECTS** the Clerk's Office to close this case.

**IT IS SO ORDERED** this 6th day of November, 2026.



BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

[16] __ F.4th __, No. 26-50183, 2026 WL 3181188, at *13–14, (5th Cir. Oct. 23, 2026) (en banc) (cleaned up).